GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
WENDY M. MANTELL (SBN 225544)
NINA D. BOYAJIAN (SBN 246415)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: ballon@gtlaw.com, mantellw@gtlaw.com

Attorneys for Plaintiff
MySpace, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYSPACE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SANFORD WALLACE D/B/A FREEVEGASCLUBS.COM, REAL-VEGAS-SINS.COM, and FEEBLE MINDED PRODUCTIONS, an individual,<br><br>Defendant. | CASE NO. CV-07-1929 ABC (AGRx)<br><br>[~~PROPOSED~~] ORDER OF PRELIMINARY INJUNCTION<br><br>JUDGE: Audrey B. Collins<br>CRTRM: 680 |

On June 11, 2007, Plaintiff MySpace, Inc. ("MySpace") filed a motion for a preliminary injunction. Defendant Sanford Wallace d/b/a freevegasclubs.com, realvegas-sins.com, and Feebleminded Productions ("Defendant" or "Wallace") opposed the motion on June 20, 2007, and MySpace filed a reply on June 27, 2007. The hearing on the motion was held on July 2, 2007. Based on the arguments of the parties and the pleadings, and the Court's July 2, 2007 Order Granting In Part Plaintiff's Motion for Preliminary Injunction, the Court makes findings of fact and conclusions of law, and Orders Defendant enjoined as follows effective as of July 2, 2007:

## I. FINDINGS OF FACT

1. MySpace is a "social networking service" that allows members to create unique personal profiles online to find and communicate with other people by accessing the MySpace.com website and the MySpace.com messaging system and other Internet-based features, content, and applications offered by MySpace in connection with the MySpace.com website.

2. MySpace users also have the ability to send and receive communications to and from other MySpace.com users, create groups, and post comments or bulletins.

3. MySpace has expended significant time and resources in implementing various measures to prevent abuse of its service and curtail commercial spam (mass mailing of unsolicited commercial email), including limiting the number of messages that can be sent from a single MySpace.com account in a single day and using sophisticated algorithms to identify potential spammers.

4. Limiting spam is important because it clogs networks, uses up bandwidth, and degrades the user experience.

5. MySpace claims that Defendant has engaged in an abusive multi-faceted scheme to disseminate commercial messages and solicitation to MySpace.com users.

6. Defendant admits that he maintains two websites, freevegasclubs.com and real-vegas-sins.com (the "Wallace Websites").

7. In October 2006, MySpace's abuse team began receiving complaints related to the Wallace Websites and after investigating, it discovered that Defendant had created more than 11,000 similar MySpace profiles and 11,383 unique America Online email accounts to register those profiles.

8. MySpace alleges that Defendant sent out a series of messages, comments, and bulletins to MySpace users designed to redirect users to a website containing a MySpace.com logo and soliciting members' MySpace.com username and password through a box that closely resembled the box used by members when logging onto MySpace.com.

9. MySpace alleges Defendant used this technique (called "phishing") to "hijack" members' accounts so he could then log onto those other members' MySpace.com profiles and send messages to those users' "friends;" directing them to the Wallace Websites. In total, Defendant sent nearly 400,000 messages and posted 890,000 comments from 320,000 "hijacked" MySpace.com user accounts.

10. Defendant also created "groups" on MySpace.com redirecting users to the Wallace Websites, including altering the MySpace "unsubscribe" link to point to the Wallace Websites rather than to actually allow members to unsubscribe, and he used software code to lay graphics containing links to the Wallace Websites over users' MySpace.com profiles.

11. MySpace claims it has been harmed by Defendant's activity, including incurring bandwidth and delivery-related costs, costs associated with devoting time, money, and resources to stop Defendant's activities, and harm to its reputation from 800 complaints lodged by users over Defendant's activities.

12. The Wallace Websites also contain adult material, and since MySpace allows users as young as fourteen years old to create profiles, Defendant's activities on MySpace.com create the possibility that minors might view this offensive content.

///

///

2

## II. CONCLUSIONS OF LAW

13. The Court finds that MySpace has demonstrated a likelihood of prevailing on the merits of its claims under section 7704(a)(1) of the CAN-SPAM Act.

14. The Court finds that MySpace has demonstrated a likelihood of prevailing on the merits of its claims under section 7704(a)(3) of the CAN-SPAM Act.

15. The Court finds that MySpace has demonstrated a likelihood of prevailing on the merits of its claims under section 7704(a)(5) of the CAN-SPAM Act.

16. The evidence in the record at this time is insufficient to demonstrate that MySpace will likely prevail on the merits of its claim under subsection 7704(b)(2) of the CAN-SPAM Act.

17. MySpace has demonstrated irreparable harm to its business, goodwill and reputation if Defendant continues his unlawful activities.

18. The balance of hardships tips in favor of MySpace.

19. The public interest is served by enjoining Defendant's conduct.

**THEREFORE, effective July 2, 2007, the Court ENJOINS** Defendant, his agents, servants, employees, representatives, and all other persons or entities acting on his behalf or in concert or participation with him, from

(1) accessing or using the MySpace.com website, MySpace Internet messaging service and/or any other services offered by or through MySpace (the "MySpace Service") to directly or indirectly send or transmit any electronic communications, emails or instant messages to any MySpace user or MySpace account or to post comments or bulletins;

(2) establishing or maintaining MySpace profiles or accounts;

(3) using the MySpace Service for a commercial purpose;

(4) referring to MySpace in connection with any unsolicited commercial electronic communication, email or instant message, in any way that falsely or fraudulently suggests that such message was approved by, generated by, or is in any way affiliated with MySpace;

(5) using any MySpace logo or using any graphic, interface, or other presentation that approximates or resembles the MySpace.com log-in page to mislead users into believing that they are logging onto their MySpace.com accounts rather than providing Defendant with their username and password;

(6) inducing a MySpace user to provide MySpace identifying information, including MySpace account information such as a username and/or password, without first informing the user the Defendant is not affiliated with or sanctioned by MySpace and without obtaining fully informed, knowing, and voluntary consent through a separate affirmative step by the user; and

(7) encouraging, facilitating, enabling or inducing any person or entity to do any of the above.

This Preliminary Injunction shall remain in effect until a final determination on the merits or a further order from the Court.

MySpace is **ORDERED** to post a bond in the amount of $50,000 within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

DATED: July 20, 2007

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

Submitted by:

GREENBERG TRAURIG LLP

By /s/ Wendy Mantell
IAN C. BALLON
WENDY M. MANTELL
NINA D. BOYAJIAN
Attorneys for Plaintiff
MYSPACE, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 2450 Colorado Avenue, Suite 400E, Santa Monica, California 90404.

On July 13, 2007, I served the [PROPOSED] ORDER OF PRELIMINARY INJUNCTION on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage

VIA U.S. MAIL
Sean Moynihan
Stacy K. Wolery
Kline Zelman Rothermel LLP
485 Madison Avenue
New York, NY 10022-5803
Fax: 212-753-8101

VIA HAND DELIVERY

Cynthia Woollacott
Woollacott Jannol LLP
10350 Santa Monica Blvd., Suite 350
Los Angeles, CA 90025
Fax: 310-552-7552

☒ **(BY MAIL)**

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☐ **(BY FACSIMILE)**

On Type Date here, I transmitted the foregoing document(s) by facsimile sending number. Pursuant to rule 2009(i)(4), I caused the machine to print a transmission record of the transmission, a true and correct copy of which is attached to this declaration.

☒ **(BY PERSONAL SERVICE)**

I caused to be delivered such envelope by hand to the offices of the addressee. Executed on July 13, 2007, at Santa Monica, California.

☐ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2007, at Santa Monica, California.

_____
Alexia Heatherly

5

CV-07-1929 ABC (AGRx)

[PROPOSED] ORDER