FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 15 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MYSPACE, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>SANFORD WALLACE D/B/A FREEVEGASCLUBS.COM, REAL-VEGAS-SINS.COM, and FEEBLE MINDED PRODUCTIONS, an individual; WALTER RINES, an individual; ONLINE TURBO MERCHANT, INC., a corporation; and ODYSSEUS MARKETING, INC., a corporation,<br><br>　　　　　Defendants. | NO. CV 07-1929-ABC (AGR)<br><br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation.  The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that default be entered against Defendant Sanford Wallace.

DATED: ___4/14/08___

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  MYSPACE, INC., a Delaware              )    NO. CV 07-1929-ABC (AGR)
12  Corporation,                           )
                                           )
13              Plaintiff,                 )
                                           )
14              v.                         )    REPORT AND
                                           )    RECOMMENDATION OF UNITED
15  SANFORD WALLACE D/B/A                  )    STATES MAGISTRATE JUDGE
    FREEVEGASCLUBS.COM, REAL-             )
16  VEGAS-SINS.COM, and FEEBLE            )
    MINDED PRODUCTIONS, an                )
17  individual; WALTER RINES, an          )
    individual; ONLINE TURBO              )
18  MERCHANT, INC., a corporation;        )
    and ODYSSEUS MARKETING,               )
19  INC., a corporation,                  )
                                           )
20              Defendants.                )
    _____       )
21

22          The Court submits this Report and Recommendation to the Honorable

23  Audrey B. Collins, United States District Judge, pursuant to 28 U.S.C. § 636 and

24  General Order No. 05-07 of the United States District Court for the Central District

25  of California.  For the reasons set forth below, the Magistrate Judge recommends

26  that Plaintiff's Third Motion for Fed. R. Civ. P. 37 Sanctions Against Defendant

27  Sanford Wallace be granted.

28  ///

# I.

## SUMMARY OF PROCEEDINGS

On September 25, 2007, Plaintiff MySpace, Inc., ("MySpace") filed a motion to compel the deposition of Defendant Sanford Wallace ("Wallace") and production of documents, and a request for sanctions.  Wallace did not file any opposition to Plaintiff's motion.

According to MySpace's papers, MySpace served a Notice of Deposition of Sanford Wallace and Request for Production of Documents on August 10, 2007.  The deposition and production of documents were noticed for September 12, 2007.  (Mantell Decl. ¶ 2 & Exh. A.)  Wallace refused to appear for deposition and took the position that he cannot defend the case because he is not represented by legal counsel.  (Mantell Decl. ¶¶ 3-6 & Exhs. B-D.)  Wallace did not respond to MySpace's request for a pre-filing conference of counsel pursuant to Local Rule 37-1.  (Mantell Decl. ¶¶ 7-8 & Exh. E.)

This Court's Order dated October 22, 2007, stated that Wallace is not excused from appearing at deposition or responding to document requests by virtue of the fact that he is not represented by counsel.  The Order further stated that Wallace was not excused from following the court's local rules.  Local Rule 1-3 provides that persons appearing *pro se* (*i.e.*, not represented by counsel) are bound by the court's local rules and further provides that any reference to "attorney" or "counsel" applies to parties *pro se* unless the context requires otherwise.  The Order advised that Local Rule 37-1 provides, among other things, that the parties are required to confer in a good faith effort to eliminate as many of the discovery disputes as possible.  If the parties are unable to settle their differences, Local Rule 37-2 requires, among other things, preparation of a joint stipulation that addresses all discovery issues in dispute.  Local 37-4 permits a court to impose sanctions for failure to comply with or cooperate in the procedures.

2

1    The Court granted MySpace's motion to compel the deposition of Wallace
2    and the production of documents.  Wallace was ordered to appear for deposition
3    and produce nonprivileged documents responsive to Request for Production Nos.
4    1-24, 25 (for the period 2003 to the present), and 26-33 within 15 days of the date
5    of the Order (October 22, 2007).  The Court denied the request for sanctions.
6    On November 15, 2007, MySpace filed a Motion for Fed. R. Civ. P. 37
7    Sanctions Against Defendant Sanford Wallace and noticed the hearing for
8    December 11, 2007.  According to MySpace's papers, on October 23, 2007,
9    counsel advised Wallace of this Court's Order of October 22, 2007, and a
10   proposed a deposition date of November 2, 2007, by email and letter sent by
11   overnight service.  (Chang Decl. ¶ 4 & Exh. 3A.)  On October 24, 2007, counsel
12   followed up with a letter that was sent by overnight service and enclosed the
13   Court's Order dated October 22, 2007, and a Second Notice of Deposition and
14   Request for Production of Documents for November 2, 2007.  (Chang Decl. ¶ 5 &
15   Exhs. 4-5.)  The email and two letters requested that Wallace contact MySpace's
16   counsel at once.  (Exhs. 3A, 5 to Chang Decl.)  On October 26, 2007, counsel
17   followed up with a phone call with Wallace.  During that phone call, Wallace
18   explained that he was in the process of retaining counsel and that his counsel will
19   respond by October 31, 2007.  (Chang Decl. ¶ 6.)  After more attempts to contact
20   Wallace, counsel received an email from Wallace stating, among other things,
21   that he has not been receiving postal mail, he has not signed for packages and
22   he has not been personally served.  Wallace stated: "I have made no such plans
23   to attend a deposition tomorrow [November 2, 2007].  I won't even be in Las
24   Vegas during the day."  (Exh. 6 to Chang Decl.)  Counsel responded by, among
25   other things, asking for alternative deposition dates.  Counsel warned that if
26   Wallace did not respond, MySpace would file a motion for sanctions and "may
27   ask that judgment be entered against you on all claims as a sanction for your
28   ///

3

1   violation of the court's order." (Exh. 7 to Chang Decl.)  As of November 15, 2007,

2   MySpace had heard nothing further from Wallace. (Chang Decl. ¶ 9.)

3        This Court's Order dated November 20, 2007, notified Wallace that his

4   opposition papers must be filed and served by November 27, 2007.  In addition,

5   the Court stated that Wallace's opposition should notify the Court whether he

6   intends to appear at the hearing on December 11, 2007, at 10:00 a.m.

7        The Court did not receive any opposition papers from Wallace and did not

8   receive any notice from Wallace as to whether he intended to appear at the

9   December 11, 2007 hearing.  Wallace failed to appear at the hearing on

10  December 11, 2007.

11       On December 11, 2007, the Court issued an Order finding that Wallace's

12  failure to appear and violation of a court order was willful, in bad faith, and

13  unreasonable.  The Court noted that the Order dated October 22, 2007, had

14  advised Wallace that he was not excused from appearing for deposition or

15  responding to document requests by virtue of the fact that he is not represented

16  by counsel.  Wallace nevertheless failed to appear or produce documents, and

17  did not file a motion for protective order pursuant to Fed. R. Civ. P. 26(c).  The

18  Court granted MySpace's motion for sanctions in part.  The Court ordered

19  Wallace to pay sanctions in the amount of $150.00 within 10 days of the date of

20  the Order, and required Wallace to appear for deposition and produce documents

21  (as set forth above) within 30 days of the date of the Order.  In all other respects,

22  MySpace's motion for sanctions was denied without prejudice.

23       The Court's Order dated December 11, 2007, expressly warned Wallace

24  that "failure to appear for deposition and/or failure to produce nonprivileged

25  documents in compliance with this Order may result in imposition of additional

26  sanctions including, but not limited to, an order precluding Wallace from

27  presenting any defense, and order deeming the allegations of the complaint to be

28  admitted and true, and/or a default judgment."

1    On January 22, 2008, MySpace filed its Third Motion for Fed. R. Civ. P. 37

2    Sanctions Against Defendant Sanford Wallace and set the hearing on February

3    12, 2008.  MySpace's motion sought entry of a default against Wallace or,

4    alternatively, an order holding Wallace to be deemed to have admitted all of the

5    allegations of the complaint and precluding Wallace from presenting any

6    defense.[1]  (Notice of Motion; Motion at 3.)

7    According to MySpace's papers, on December 14, 2007, counsel sent

8    Wallace, among other things, a copy of the Court's Order dated December 11,

9    2007, and a Third Notice of Deposition and Request for Production of Documents

10    for January 9, 2008 by email, mail and overnight service.  (Chang Decl. ¶ 3 & Exh.

11    2.)  On December 18, 2007, counsel sent an Amended Third Notice of Deposition

12    and Request for Production of Documents ("Amended Third Notice") for January

13    9, 2008.  (Chang Decl. ¶ 4 & Exh. 3.)  Subsequently, counsel attempted to contact

14    Wallace by email, mail, overnight service and telephone.  Wallace did not answer

15    his phone or otherwise respond.  Personal service of at least the Court's Order

16    dated December 11, 2007, and Amended Third Notice was accomplished on

17    January 7, 2008.  (Chang Decl. ¶¶ 5-9 & Exhs. 4-7.)  After personal service,

18    counsel continued to attempt to contact Wallace by telephone without success.

19    (Chang Decl. ¶ 10.)  Wallace did not appear at his deposition on January 9, 2008.

20    (Id. ¶¶ 11-12 & Exh. 8.)

21    This Court's Order dated January 30, 2008, notified Wallace that his

22    opposition papers must be filed and served by February 5, 2008.  In addition, the

23    ///

24

25    [1]    At the hearing on February 12, 2008, MySpace also requested
26    monetary sanctions in the amount of $15,156.23.  However, MySpace's request
     for monetary sanctions is not contained in the written Notice of Motion and Third
27    Motion for Fed. R. Civ. P. 37 Sanctions Against Defendant Sanford Wallace and
     should be rejected on that basis.  See Falstaff Brewing Corp. v. Miller Brewing
28    Co., 702 F.2d 770, 784 n.11 (9th Cir. 1983) (notice and opportunity be heard
     required before sanctions may be imposed).

1 Court stated that Wallace's opposition should notify the Court whether he intends

2 to appear at the hearing on February 12, 2008, at 10:00 a.m.

3    The Court did not receive any opposition papers from Wallace and did not

4 receive any notice from Wallace as to whether he intended to appear at the

5 February 12, 2008 hearing.

6    On February 5, 2008, the Court received a supplemental declaration from

7 Ms. Chang.

8    Wallace failed to appear at the hearing on February 12, 2008.  The matter

9 was taken under submission and is now ready for decision.

10                                    **II.**

11                            **DISCUSSION**

12    District courts have broad discretion to impose a wide range of sanctions

13 when a party fails to comply with discovery or with court orders to provide or

14 permit discovery.  Fed. R. Civ. P. 37; *Wyle v. R.J. Reynolds Industries*, 709 F.2d

15 585, 589 (9th Cir. 1983).  A default is one of the sanctions available for failure to

16 comply with a court order compelling discovery.  Fed. R. Civ. P. 37(b)(2)(C), (d);

17 *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004)

18 (citation omitted).  When imposing terminal sanctions, district courts should

19 consider:  "'(1) the public's interest in expeditious resolution of litigation; (2) the

20 court's need to manage its docket; (3) the risk of prejudice to the other party; (4)

21 the public policy favoring the disposition of cases on their merits; and (5) the

22 availability of less drastic sanctions.'" *Connecticut General Life Insurance Co. v.*

23 *New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Under the fifth

24 factor, courts consider the sub-factors of "whether the court has considered lesser

25 sanctions, whether it tried them, and whether it warned the recalcitrant party about

26 the possibility of case-dispositive sanctions." *Id.*  These factors are "not a set of

27 conditions precedent for sanctions or a script that the district court must follow."

28 *Id.*  Where default is imposed, "'the range of discretion is narrowed and the losing

                                      6

1  party's noncompliance must be due to willfulness, fault, or bad faith.'" *Computer*

2  *Task Group,* 364 F.3d at 1115 (citation omitted).

3       The first two factors -- the public's interest in expeditious resolution of

4  litigation and the Court's need to manage its docket -- weigh in favor of the

5  sanction of default.  MySpace has been attempting to take Wallace's deposition

6  for over five months.  MySpace first served a Notice of Deposition of Sanford

7  Wallace and Request for Production of Documents on August 10, 2007, for a

8  deposition on September 12, 2007.  Wallace violated this Court's Orders dated

9  October 22, 2007, and December 11, 2007, by failing to appear for deposition and

10  failing to produce documents as ordered.[2]  In addition, Wallace failed to pay

11  sanctions as ordered.  *See Computer Task Group*, 364 F.3d at 1116.  Wallace's

12  conduct hinders the Court's ability to move this case toward disposition, and

13  unnecessarily delayed the litigation.

14       The third factor -- prejudice to defendants -- also weighs in favor of default.

15  Failure to produce documents or appear for deposition is sufficient prejudice and

16  is directly related to the merits of the claims against him.  *See Payne*, 121 F.3d at

17  508 (failure to produce documents); *Stars' Desert Inn Hotel & Country Club v.*

18  *Hwang*, 105 F.3d 521, 524-25 (9th Cir. 1997) (failure to appear at deposition and

19  failure to pay court-ordered sanctions); *Adriana International Corp. v. Thoeren*,

20  913 F.2d 1406, 1411 (9th Cir. 1990) (failure to appear at depositions and produce

21  documents), *cert. denied sub nom. Lewis & Co. v. Thoeren*, 498 U.S. 1109

22  (1991).  Wallace's failure to provide discovery interferes with the rightful resolution

23  of this case and prejudices MySpace's ability to prosecute its case diligently.[3]

24  _____

25       [2]    A court may properly consider all of a party's discovery misconduct,
   including conduct which has been the subject of earlier sanctions.  *See Payne v.*

26  *Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997).

27       [3]    The Court notes that the cut-off date for adding claims and parties
   was January 14, 2008.  (District Judge's Order dated October 22, 2007.)

28  Moreover, the discovery cut-ff date is less than two months away, April 14, 2008.
   (*Id.*)

1    The fourth factor -- public policy in favor of deciding cases on their merits --
2  weighs against a default.  It is, however, a defendant's responsibility to respond to
3  discovery, obey court orders, and avoid dilatory tactics.  Wallace has not
4  discharged his responsibilities.  In these circumstances, the public policy favoring
5  resolution of disputes on the merits does not outweigh Wallace's failure to appear
6  at deposition and produce documents as ordered by the Court.

7    The fifth factor -- availability of less drastic sanctions -- weighs in favor of a
8  default.  On October 22, 2007, the Court granted MySpace's motion to compel
9  and ordered Wallace to appear for deposition and produce certain documents
10  within 15 days.  The Court explained that Wallace was not excused from
11  discovery by virtue of the fact that he was not represented by counsel.
12  Nevertheless, Wallace disobeyed the court order.  On December 11, 2007, the
13  Court granted monetary sanctions and again ordered Wallace to appear for
14  deposition and produce certain documents within 30 days.  The Court attempted
15  to avoid a default by expressly warning Wallace that failure to comply with the
16  court's order may result in a default judgment.  Despite the imposition of lesser
17  alternative sanctions and despite the warning of the possibility of a default
18  judgment, Wallace again failed to appear for deposition and did not produce
19  documents as ordered by the Court.  Wallace failed to pay the monetary
20  sanctions, and provided no explanation for his behavior to the Court.  Wallace's
21  behavior underscores that lesser sanctions will not persuade Wallace to obey
22  court orders.  *Stars*, 105 F.3d at 524-25 (affirming imposition of sanctions after
23  three failures to appear at a deposition, failure to pay monetary sanctions, and
24  warning that sanctions may include default judgment); *see Computer Task Group*,
25  364 F.3d at 1116; *Adriana*, 913 F.2d at 1413.

26    Taking all of the above factors into account, a default is appropriate.  The
27  Court finds that Wallace's noncompliance is due to willfulness, fault, or bad faith.
28  "'Disobedient conduct not shown to be outside the control of the litigant is

8

1  sufficient to demonstrate willfulness, bad faith, or fault.'" *Jorgensen v. Cassiday*,

2  320 F.3d 906, 912 (9th Cir. 2003) (citation omitted).  Here, the disobedient

3  conduct was not outside Wallace's control.  Wallace has had every opportunity to

4  avoid the sanction of default.  Wallace has never provided any explanation for his

5  behavior to the Court.  *See Computer Task Group,* 364 F.3d at 1116; *Jorgensen*,

6  320 F.3d at  912 (party failed to demonstrate that document production was not

7  feasible or would subject him to civil or criminal sanctions); *Stars*, 105 F.3d at 525

8  (party failed to demonstrate that failure to appear at deposition and failure to pay

9  monetary sanctions were beyond his control).  Although the papers attached to

10  MySpace's motion reflect Wallace's unfounded insistence on personal service,[4]

11  Wallace failed to comply with the Court's orders even after personal service was

12  made and did not offer any alternative dates for deposition or document

13  production.  Wallace has received notice of the possibility of a default through the

14  Court's Order dated December 11, 2007, and MySpace's Third Motion for Fed. R.

15  Civ. P. 37 Sanctions.  Further notice is provided by this Report and

16  Recommendation.

17      Accordingly, it is recommended that a default against Wallace be entered.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26  [4]    Service of pleadings subsequent to the original complaint is governed by Fed. R. Civ. P. 5, which provides for service by various means

27  including mail.  *See Employee Painters' Trust v. Ethan Enterprises*, 480 F.3d 993, 999 (9th Cir. 2007).  Local Rule 41-6 requires that "[a] party proceeding *pro se*

28  shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any."

9

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that a default be entered against Defendant Sanford Wallace.

DATED: February 22, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge

10

1

## NOTICE

2         Reports and Recommendations are not appealable to the Court of

3 Appeals, but are subject to the right of any party to file Objections as provided in

4 the Local Rules Governing Duties of Magistrate Judges, and review by the

5 District Judge whose initials appear in the docket number.  No Notice of Appeal

6 pursuant to the Federal Rules of Appellate Procedure should be filed until entry of

7 the Judgment of the District Court.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28